# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No._____ |
| JOHN MOORE, LP; JMS GP, INC.; JOHN MOORE SERVICES, INC.; JOHN MOORE RENOVATION, LLC and JOHN MOORE PEST CONTROL, LLC, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Marlo Howard (referred to as "Plaintiff" or "Howard") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants John Moore, LP; JMS GP, Inc.; John Moore Services, Inc.; John Moore Renovation, LLC and John Moore Pest Control, LLC (collectively referred to as "Defendants" or "John Moore"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1.    The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To

achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2.     Defendants violated the FLSA by failing to pay its nonexempt employees at the minimum wage for all hours worked and at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

3.     Plaintiff brings this collective action under section 216(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid regular and overtime wages.

## II. Jurisdiction & Venue

4.     Plaintiff's claims arise under the FLSA. 29 U.S.C. §§ 201-219. Accordingly, this Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Houston Division of the Southern District of Texas and/or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

## III. The Parties

6.     Plaintiff Marlo Howard is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this lawsuit. In performing his duties, Howard was engaged in commerce or in the production of goods for commerce. Howard did not receive pay for

all hours worked at the minimum wage. Additionally, Howard regularly worked in excess of forty (40) hours per week. However, Howard did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7.     Defendant John Moore, LP is a Texas limited partnership that may be served with process by serving its registered agent, Capitol Corporate Service, Inc., at 800 Brazos, Suite 400, Austin, Texas 78701. Alternatively, if the registered agent of John Moore, LP cannot with reasonable diligence be found at its registered office, John Moore, LP may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

8.     Defendant JMS GP, Inc. is a Texas corporation that may be served with process by serving its registered agent, Capitol Corporate Service, Inc., at 800 Brazos, Suite 400, Austin, Texas 78701. Alternatively, if the registered agent of JMS GP, Inc. cannot with reasonable diligence be found at its registered office, JMS GP, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

9.     Defendant John Moore Services, Inc. is a Texas corporation that may be served with process by serving its registered agent, Donald Valentine, at 10005 W. Sam Houston Parkway N., Ste. 200, Houston, Texas  77064. Alternatively, if the registered agent of John Moore Services, Inc. cannot with reasonable diligence be found at its registered office, John Moore Services, Inc. may be served with process by serving the

Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Defendant John Moore Renovation, LLC is a Texas limited liability company that may be served with process by serving its registered agent, Kenneth Alger, at 10005 W. Sam Houston Parkway N., Ste. 200, Houston, Texas 77064. Alternatively, if the registered agent of John Moore Renovation, LLC cannot with reasonable diligence be found at its registered office, John Moore Renovation, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Defendant John Moore Pest Control, LLC is a Texas limited liability company that may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75201. Alternatively, if the registered agent of John Moore Pest Control, LLC cannot with reasonable diligence be found at its registered office, John Moore Pest Control, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

13.     John Moore provides a variety of home services (e.g., plumbing service and repair, electrical service and repair, air conditioning/heating service and repair, insulation services, pest control services, renovation and remodeling, etc.) to residents in the greater Houston metropolitan area.

14.     John Moore does business in the territorial jurisdiction of this Court.

15.     From approximately October 2010 through May 2013, Howard was employed by John Moore as a technician.

16.     Technicians, including Howard, are responsible for troubleshooting problems, estimating the cost of repair and providing information to John Moore's customers.

17.     Technicians, including Howard, are not required to possess advanced knowledge in a field of science or learning that is acquired by a prolonged course of specialized intellectual instruction.

18.     Technicians, including Howard, do not perform office or non-manual work directly related to the management or general business operations of John Moore.

19.     Technicians, including Howard, do not exercise discretion and independent judgment with respect to matters of significance.

20.     Technicians, including Howard, are paid on a commission basis.

21.     Technicians, including Howard, regularly work in excess of forty (40) hours per week.

22.     John Moore does not pay technicians, including Howard, at the minimum wage for all hours worked or at one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek as required by the FLSA.

23.     Instead, John Moore pays technicians, including Howard, below the minimum wage (or pays them nothing at all) and/or pays them on a commission basis without overtime. *See generally*, 29 C.F.R. §§ 778.117-778.122 (commissioned employees entitled to overtime).

24.     The United States Department of Labor ("DOL") previously investigated the claims related to the ones that form the basis of this lawsuit.

25.     During the course of the DOL's investigation, John Moore never once claimed that technicians and numerous other employees, including Howard, were exempt.

26.     Ultimately, the DOL determined that John Moore violated the minimum wage, overtime and record keeping requirements of the FLSA with respect to all HVAC installers, HVAC installer helpers, HVAC service technicians, electricians, plumbers and pest control technicians.

27.     The DOL calculated the back wages due to the HVAC installers, HVAC installer helpers, HVAC service technicians, electricians, plumbers and pest control technicians, but John Moore refused to pay.

28.     On information and belief, these same illegal pay practices were applied to all employees of John Moore who were compensated in the same or similar manner to that of Plaintiff.

### V.  Count One—Violation of the FLSA

**A.     Defendants Failed to Properly Compensate Plaintiff at the Minimum Wage for All Hours Worked and at the Rate of Time and One-Half for All Overtime Hours.**

29.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

30.     On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

31.     As a nonexempt employee, Plaintiff was legally entitled to be paid at the minimum wage for all hours worked and at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek.  29 U.S.C. §§ 206(a), 207(a).

32.     Defendants failed to pay Plaintiff for all hours worked at the minimum wage.

33.     Instead, Defendants paid Plaintiff below the minimum wage (or paid him nothing at all) and/or made unlawful deductions from Plaintiff's pay that caused his rate to fall below the minimum wage.

34.     Defendants failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

35.     Instead, Defendants paid Plaintiff on a commission basis without regard to overtime.

36.     As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at the minimum wage for all hours worked and/or at a rate of time and one-half for hours worked in excess of forty (40).

37.     In the event that Defendants classified Plaintiff as exempt from the minimum wage or overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiff for all hours worked at the minimum wage or full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

38.     Rather, John Moore knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiff proper regular and overtime wages.

**B.     Defendants Failed to Keep Accurate Records of Time Worked.**

39.     The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

40.     In addition to the pay violations of the FLSA identified above, John Moore also failed to keep proper time records as required by the FLSA.

**C.  Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

41.     The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

42.     No exemption excuses Defendants from failing to pay Plaintiff at the minimum wage for all hours worked and/or at his proper overtime rate of time and one-half for all hours worked in excess of forty (40) per workweek.

43.     Defendants have not made a good faith effort to comply with the FLSA.

44.     Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

## VI.  Count Two—Collective Action Allegations

45.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above sections of this Complaint.

46.     On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

47.     These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were paid below the minimum wage and denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40).

48.     Defendants' patterns or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

49.     Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

50.     All employees of Defendants, regardless of their rate of pay, who were not paid at the minimum wage for all hours worked and/or at their proper overtime rate for hours worked in excess of forty (40) are similarly situated.  Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former HVAC installers, HVAC installer helpers, HVAC service technicians, electricians, plumbers, pest control technicians or any other employee who: (1) worked at any business located in the United States that was owned, operated, and/or acquired by Defendants during the class period; (2) claim they were misclassified as exempt from overtime compensation or was an hourly employee and now seek payment for overtime hours worked; and/or (3) were compensated on any basis where they were not properly paid at the minimum wage for all hours worked and/or at a rate of time and a half for hours worked in excess of forty (40).

51.     Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

### VII.  Count Three—Failure To Pay Wages

52.     Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

53. Defendants' practice of failing to pay its nonexempt employees at the minimum wage for all hours worked and/or overtime compensation at one and one-half times their regular rates for all hours worked in excess of forty (40) is in direct violation of the FLSA. 29 U.S.C. §§ 206(a), 207(a).

54. Defendants violated the FLSA by failing to pay Plaintiff his full and proper compensation.

55. Plaintiff is entitled to payment for all hours worked at the minimum wage and all hours worked in excess of forty (40) in an amount that is one and one-half times his regular rate of pay.

56. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid regular and overtime wages as a result of Defendants' failure to comply with the requirements of the FLSA.

## VIII. Jury Request

57. Plaintiff requests a trial by jury.

## IX. Prayer

58. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

    a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

    b. Declare Defendants have violated the minimum wage and overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

    c. Declare Defendants' violations of the FLSA to be willful;

d.  Award Plaintiff and all those similarly situated damages for the amount of unpaid regular and overtime compensation, subject to proof at trial;

e.  Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically permitted under the guidelines of the FLSA;

f.  Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

g.  Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

h.  Award postjudgment interest as allowed by law;

i.  Award costs of court and costs of prosecuting Plaintiff's claims; and

j.  Award such other and further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

**MOORE & ASSOCIATES**

By: s/ Melissa Moore
  Melissa Moore
  State Bar No. 24013189
  Federal Id. No. 25122
  Curt Hesse
  State Bar No. 24065414
  Federal Id. No. 968465
  Lyric Center
  440 Louisiana Street, Suite 675
  Houston, Texas 77002
  Telephone: (713) 222-6775
  Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**