IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 4:13-cv-01672 |
| JOHN MOORE, LP; JMS GP, INC.; JOHN MOORE SERVICES, INC.; JOHN MOORE RENOVATION, LLC and JOHN MOORE PEST CONTROL, LLC, | § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
RULE 12(b)(6) MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Marlo Howard (referred to as "Plaintiff" or "Howard") and files this response in opposition to Defendants John Moore, LP; JMS GP, Inc.; John Moore Services, Inc.; John Moore Renovation, LLC and John Moore Pest Control, LLC's (collectively referred to as "Defendants" or "John Moore") Rule 12(b)(6) Motion to Dismiss.  In support thereof, he would respectfully show the Court as follows:

### I. Introduction

On June 7, 2013, Howard filed a putative collective action lawsuit under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") alleging that John Moore failed to pay him and others similarly situated overtime wages as required by law.  (Pl.'s

Compl. (Docket Entry No. 1).) Then, on August 12, 2013, Defendants moved the Court to dismiss Plaintiff's complaint pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted instead of filing an answer. (Defs.' Mot. Dismiss (Docket Entry No. 7).) John Moore argues that Howard's complaint is deficient because (1) it fails to sufficiently allege an employment relationship between him and each named defendant; (2) it fails to sufficiently allege a violation of the overtime requirements of the FLSA; (3) it fails to sufficiently allege a violation of the minimum wage requirements of the FLSA; and (4) it fails to sufficiently allege a claim for class-wide relief. (Defs.' Mot. Dismiss (Docket Entry No. 7).) However, For the reasons detailed more particularly below, John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7) should be denied.

## II. Argument & Authorities

### A.    Standard of Review

A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). Accordingly, the complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of the plaintiff, and all factual allegations pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). "In appraising the sufficiency of the complaint [the

Court must] follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  Furthermore,

> the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts on which he bases his claim.  To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give … notice of what the plaintiff's claim is and the grounds upon which it rests. … Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues.

*Id.* (internal citations omitted).  Stated differently, a motion to dismiss for failure to state a claim admits the facts alleged in the complaint but challenges the plaintiff's right to any relief based on those facts.  FED. R. CIV. P. 12(b)(6); *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995).  The issue raised by a 12(b)(6) motion is not whether the plaintiff will ultimately prevail but whether the plaintiff can offer evidence to support his claims. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3rd Cir. 2000); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

In 2007 the United States Supreme Court clarified both the pleading standard under Rule 8(a) and the standard of review for motions to dismiss under Rule 12(b)(6):

> In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). *Twombly* abrogated the Supreme

> Court's statement in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *See Twombly*, 550 U.S. at 562–63 ("*Conley's* 'no set of facts' language … is best forgotten as an incomplete, negative gloss on an accepted pleading standard … .").  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1974).

*Hoffman v. Cemex*, No. 4:09-cv-03144, 2009 U.S. Dist. LEXIS 114130, at *3-*4 (S.D. Tex. 2009) (Rosenthal, J.).

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*. at *4-*5 (citing *Ashcroft v. Iqbal*, 556 U.S. _____, 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009)).  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Iqbal*, 129 S. Ct. at 1949.  Finally, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 1950.

**B.      John Moore's Motion to Dismiss Should Be Denied Because Howard Has Sufficiently Alleged the Existence of an Employment Relationship with Defendants**

Ignoring the statutory definition of "employer" under the FLSA, the United States Department of Labor's ("DOL") implementing regulations and common sense (and in spite of the fact that it is presently involved in a DOL investigation involving the same claims that form the basis of this lawsuit), John Moore alleges that Howard's Complaint (Docket Entry No. 1) should be dismissed under Rule 12(b)(6) because he has not adequately plead the existence of an employment relationship with each of the five named defendants.  However, as the Court is aware, the FLSA's minimum wage and overtime requirements apply to an "enterprise engaged in commerce or in the production of goods for commerce."  The FLSA defines "enterprise" as follows:

> "Enterprise" means the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and *includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units* including departments of an establishment operated through leasing arrangements[.]

29 U.S.C. § 203(r); *see also, Chao v. Barbeque Ventures, LLC*, No. 8:06-cv-676, 2007 U.S. Dist. LEXIS 91397, at *17 (D. Neb. Dec. 12, 2007) ("Whether two [or more] companies constitute a single enterprise for purposes of the [FLSA] and whether they are liable as joint employers under § 207, are technically separate issues. However, the factual considerations may be the same or very similar.") (internal citations omitted); *see also, Chao v. A-One Medical Svcs., Inc.*, 346 F.3d 908, 917 (9th Cir. 2003) (same).

5

The United States Court of Appeals for the Fifth Circuit has considered this statutory definition, its legislative history, and the applicable regulations, and has concluded that, despite corporate fragmentation in operation, a single "enterprise" nevertheless exists for the purpose of the FLSA, where: (1) the corporations perform related activities; (2) through unified operation or common control; (3) for a common business purpose. *Donovan v. Janitorial Services, Inc.*, 672 F.2d 528, 530 (5th Cir. 1982); *Brennan v. Veterans Cleaning Service, Inc.*, 482 F.2d 1362, 1366-67 (5th Cir. 1973); *Shultz v. Mack Farland & Sons Roofing Co.*, 413 F.2d 1296, 1299 (5th Cir. 1969); *see also*, 29 C.F.R. § 779.230-779.232 (enterprise coverage for franchises).  Additionally, the FLSA broadly defines "employ" as "suffer or permit to work." 29 U.S.C. § 203(g). In fact, the Fifth Circuit has noted that the FLSA uses the term "employee … in the broadest sense ever … included in any act[.]"  *Robicheaux v. Radcliff Material, Inc.*, 697 F.2d 662, 665 (5th Cir. 1983) (internal quotations and citations omitted).

With respect to liability as an FLSA employer, the United States Court of Appeals for the Ninth Circuit has correctly noted that while whether separate corporate entities constitute a single enterprise for FLSA coverage and whether they are liable as joint employer are technically separate issues, the factual considerations involved are the same.  *A-One Medical Svcs., Inc.*, 346 F.3d at 917; *see also*, 29 C.F.R. §§ 779.21, 779.200-779.269 (enterprise coverage regulations); *see also*, 29 C.F.R. §§ 779.1-779.2. In other words, a finding that several different corporate entities constitute an "enterprise" for purposes of FLSA coverage almost always results in a finding that those corporate entities are liable as joint employers.  *Id.*  Additionally, the Ninth Circuit noted

that where a handful of individuals or entities owned and/or operated numerous corporate entities the traditional "economic reality" test for joint employment was inapplicable. *Id*. Instead, in cases of "horizontal joint employment," the *A-One Medical Svcs., Inc.* court held that an employers will be liable as joint employers when (1) the employers are not "completely disassociated" with respect to the employment of individuals and (2) where one employer is controlled by another or the employers are under common control. *Id*. at 917-18 (citing 29 C.F.R. § 791.2(b)); *see also*, 29 C.F.R. § 779.203 (noting that there are occasions where "enterprise" and "employer" coincide).

In this case, Howard alleges that he was employed by all five named defendants and that he was engaged in commerce during his employment with them. (Pl.'s Compl. (Docket Entry No. 1) ¶¶ 6, 15. These facts coupled with the similarity of their names alone (i.e., John Moore, LP; JMS GP, Inc.; John Moore Services, Inc.; John Moore Renovation, LLC and John Moore Pest Control, LLC) collectively suggest that all five named defendants perform related activities through unified operation or common control for a common business purpose. *Janitorial Services, Inc.*, 672 F.2d at 530; *Veterans Cleaning Service, Inc.*, 482 F.2d at 1366-67; *Mack Farland & Sons Roofing Co.*, 413 F.2d at 1299. It is certainly plausible, then, that they are an enterprise engaged in commerce (as that term is defined in 29 U.S.C. § 203(r)) and, therefore, jointly and severally liable to Howard as his employers under FLSA. *A-One Medical Svcs.* at 917-18; Fed. R. Civ. P. 8(a). Accordingly, John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7) should be denied.

**C.      John Moore's Motion to Dismiss Should Be Denied Because Howard Has Sufficiently Alleged a Violation of the Overtime Requirements of the FLSA**

John Moore alleges that Howard's Complaint (Docket Entry No. 1) should be dismissed under Rule 12(b)(6) because he has not adequately plead a violation of the overtime provisions of the FLSA.  (Defs.' Mot. Dismiss (Docket Entry No. 7) pp. 5-7.) Conveniently setting aside the fact that they have the legal burden to maintain accurate time records (and that the parties have not had the benefit of discovery), Defendants essentially argue that Howard should be required approximate the number of overtime hours he worked.  (*Id.*)  *See*, 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.  Again, this argument misses the mark.  In fact, other Courts in this circuit, this district and even this division have held that the allegations by plaintiffs that

> they were classified as nonexempt, that they regularly worked more than 40 hours per week, and that they were not paid time-and-a-half for those overtime hours[] … are all factual allegation[s]—not legal conclusions—and, if proven, … give rise to a plausible claim for relief.

*Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 U.S. Dist. LEXIS 114130, at *10-*11 (S.D. Tex. Dec. 8, 2009) (Rosenthal, J.) (citations omitted); *see also*, *In re Bank of Am. Wage & Hour Empl. Litig.*, No. 2:10-md-02138-JWL, 2010 U.S. Dist. LEXIS 112029, at *14-*24 (D. Kan. Oct. 20, 2010) (Lungstrum, J.) ("Indeed, numerous courts continue to find that dismissal of FLSA claims is not appropriate when the complainant alleges only that non-exempt employees regularly worked more than 40 hours per workweek and that they were not paid time-and-half for those overtime hours.").  Howard has alleged that he was nonexempt, that he regularly worked in excess of forty hours per week, and that he was not paid time-and-half for those overtime hours.  (Pl.'s Compl. (Docket Entry No. 1) ¶¶ 21-23, 29-37.)  As required by Rule 8,

those facts state a claim for relief that is plausible on its face.  Accordingly John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7) should be denied.

**C.     John Moore's Motion to Dismiss Should Be Denied Because Howard Has Sufficiently Alleged a Violation of the Minimum Wage Requirements of the FLSA**

John Moore alleges that Howard's Complaint (Docket Entry No. 1) should be dismissed under Rule 12(b)(6) because he has not adequately plead a violation of the minimum wage provisions of the FLSA.  (Defs.' Mot. Dismiss (Docket Entry No. 7) pp. 7-8.)   Defendants essentially make the same argument with respect to Howard's minimum wage allegations as they do for his overtime claim—i.e., that he failed to approximate the number of hours for which he was not paid the minimum wage.  (*Id*.) And for essentially the same reasons, that argument is without merit; to state a claim for relief that is plausible on its face, Howard need only allege that he was nonexempt, that he performed work for John Moore and that he was paid below minimum wage for that work.  *Hoffman*, 2009 U.S. Dist. LEXIS 114130, at *10-*11; *see also*, *In re Bank of Am. Wage & Hour Empl. Litig.*, 2010 U.S. Dist. LEXIS 112029, at *14-*24.   His complaint alleges precisely that.  (Pl.'s Compl. (Docket Entry No. 1) ¶¶ 21-23, 29-37.)   Accordingly, John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7) should be denied.

**D.     John Moore's Motion to Dismiss Howard's Collective Action Allegations Should Be Denied as Premature**

"With respect to the collective action issue, the plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion."  *Hoffman*, 2009 U.S. Dist. LEXIS 114130, at *12.  "Whether proceeding collectively is appropriate

will be addressed when the plaintiffs move for conditional certification and issuance of notice to the class." *Id*. "If the class is conditionally certified and notice is issued, [the defendants] may later move for decertification, at which point the appropriateness of class certification will be subjected to a more searching inquiry." *Id*. at *12-*13 (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995), and *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987)). Accordingly, "[d]ismissal of the collective-action allegations is not warranted." *Id*. at *13.

### E.    Alternatively, Howard Seeks Leave To Amend

If the Court grants John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7), the Court should also grant Howard leave to amend as permitted by FED. R. CIV. P. 15. *See, e.g.*, *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) ("[D]ismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (internal quotations and citations omitted)); *see also*, *Cooke v. Jaspers*, No. H-07-3921, 2010 U.S. Dist. LEXIS 21913, at *17 (S.D. Tex. Mar. 10, 2010) (Rosenthal, J.).

### III.  Conclusion

Howard has provided John Moore "notice of the claims and the factual bases on which they rest, which is what the Federal Rules require." *Id*. "The allegations in the existing complaint provide [defendants] with the information [they] need[] to respond to the complaint and begin defending the action." *Id*. at *14. Accordingly, John Moore's Rule 12(b)(6) Motion to Dismiss (Docket Entry No. 7) should be denied.

Respectfully submitted,

MOORE & ASSOCIATES

By: s/ Melissa Moore
      Melissa Moore
      State Bar No. 24013189
      Federal Id. No. 25122
      Curt Hesse
      State Bar No. 24065414
      Federal Id. No. 968465
      Lyric Center
      440 Louisiana Street, Suite 675
      Houston, Texas 77002
      Telephone: (713) 222-6775
      Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 3rd day of September in the year 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Kerry E. Notestine, Esq.
Ms. Sarah B. Morton, Esq.
Mr. Kevin Little, Esq.
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

s/ Melissa Moore
Melissa Moore