UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD, Individually and on Behalf of Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION H-13-1672 |
| JOHN MOORE, LP; JMS GP, INC.; JOHN MOORE SERVICES, INC.; JOHN MOORE RENOVATION, LLC; and JOHN MOORE PEST CONTROL, LLC, | § § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is defendants, John Moore, L.P., JMS GP, Inc., John Moore Services, Inc., John Moore Renovation, L.L.C., and John Moore Pest Control, L.L.C.'s (collectively "defendants") motion to dismiss. Dkt. 7. After considering the motion, responsive briefing, and applicable law, the court finds defendants' motion should be GRANTED; however, plaintiff is permitted leave to amend the complaint in order to remedy the deficiencies discussed in this opinion.

**I.  BACKGROUND**

Plaintiff filed this proposed collective action asserting violations of the Fair Labor Standards Act's ("FLSA") minimum wage and overtime requirements. Dkt. 1 ¶¶ 32–34. Defendants are collectively alleged to have "provide[d] a variety of home services . . . to residents in the greater Houston metropolitan area." *Id.* at ¶ 13. Plaintiff claims to have been employed by all defendants as a "technician" from approximately October 2010 through May 2013. *Id.* at ¶ 15. He alleges that he and other similarly situated employees were paid on a commission basis resulting in overtime and minimum wage violations under the FLSA. *Id.* at ¶ 23. Plaintiff does not describe how he or the

putative class members where affiliated with any of the defendant entities, but rather pleads his claims globally against all defendants.

## II.  LEGAL STANDARD

In considering a Rule12(b)(6) motion to dismiss, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings must be sufficient to nudge plaintiff's claims across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  ANALYSIS

### A.  Employer Status

Defendants argue that plaintiff is attempting to hold them liable under a "multiple employer" theory without establishing that an employer-employee relationship existed between plaintiff and each of the defendant entities. According to defendants, beyond the general allegation in the complaint that plaintiff was "employed by John Moore," plaintiff does not provide sufficient facts regarding his employment. Plaintiff appears to take the position that he has met his pleading obligation with respect to defendants' status as joint employers under the FLSA because he has

shown it was plausible that the five defendants constituted a single enterprise. The lack of factual allegations in plaintiff's original complaint makes it unclear whether plaintiff is asserting employer-employee status on the basis of an enterprise or joint employer theory, or both.

"To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984) (citing 29 U.S.C. §§ 206–07). An employer is "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee." *See* 29 U.S.C. § 203(a), (d). The FLSA guarantees overtime and minimum wage pay to employees engaged "in the production of goods for commerce" (individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)). Either individual or enterprise coverage triggers protection under the FLSA. *Id.*

Regarding individual coverage, the employee must prove that he engaged in interstate commerce. *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007). To claim enterprise coverage, three elements are required to demonstrate that the separate entities comprise an enterprise. *Grim Hotel*, 747 F.2d at 969. The entities must: (1) perform related activities; (2) operate in a unified manner or through common control; and (3) possess a common business purpose. *See* 29 U.S.C. § 203(r)(1); *Grim Hotel Co.*, 747 F.2d at 969. In addition, an enterprise must have "employees engaged in commerce or in the production of goods for commerce" and "an annual gross volume of sales made or business done [of] not less than $500,000." 29 U.S.C. § 203(s)(1)(A).

Furthermore, "[a] single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA]." 29 C.F.R. § 791.2. In cases where a plaintiff alleges

3

to be employed by more than one employer, the court must apply the economic reality test to each individual or entity alleged to be an employer. *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990); *see also Kaminski v. BWW Sugar Land Partners*, 2010 WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA."). Under the economic reality test, employer status may be established if the individual or entity: (1) possessed the authority to hire or fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).

Plaintiff's attempt to assert claims against multiple employers ignores the fact-specific nature of the employer-status inquiry under the FLSA. Plaintiff has not established that any of the five defendants was his employer. Plaintiff cursorily states in his complaint that he "was engaged in commerce or in the production of goods for commerce," thereby suggesting that he is pursuing individual coverage. Dkt. 1 ¶ 6. Yet, in plaintiff's response to defendants' motion to dismiss, the plaintiff obfuscates the issue by discussing enterprise coverage. Dkt. 9 at 5–7. For this argument, plaintiff largely relies on the similarity of defendants' names, which each include either "John Moore" or "JM", as support for his position that defendants comprise a single enterprise. This is an insufficient basis to plead enterprise liability.

Moreover, plaintiff has not provided sufficient facts which would enable the court to apply the economic reality test to each defendant. Specifically, plaintiff has not provided "factual allegations as to how the events that gave rise to this lawsuit were allocated [among] the [five] defendants . . . [or] how his employment was handled generally." *See Escobedo v. Metal Protective*

4

*Coating Professionals, Inc.*, 2013 WL 6504675, at *2 (S.D. Tex. Dec. 11, 2013). At least some facts of the employment relationship must be set forth in order to make out a facially plausible claim of joint employer liability under the FLSA. Plaintiff has not set forth sufficient factual averments to support a showing that defendants were his employers.

### B.   Minimum Wage/Overtime Violations

Defendants also argue that plaintiff failed to state a plausible claim for either minimum wage or overtime violations. Specifically, defendants contend that plaintiff should be required to approximate the number of hours allegedly worked without proper compensation. However, while an approximation of uncompensated overtime hours would be helpful to survive a motion to dismiss, it is not required. *Coleman v. John Moore Servs., Inc.*, 2014 WL 51290, at *3 (S.D. Tex. Jan. 7, 2014) (citing *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 88 (2d Cir. 2013)). Plaintiff has provided sufficient factual allegations by describing being paid "below the minimum wage (or [paid] nothing at all) and/or [paid] on a commission basis without overtime." Dkt. 1 ¶ 23. Thus, plaintiff has set forth sufficient factual averments to state a facially plausible claim that defendants violated the minimum wage or overtime provisions of the FLSA.

### C.   Collective Action

Finally, defendants claim that plaintiff failed to adequately plead allegations to support a collective action. Dkt. 9 at 8–10. Defendants' challenge to the collective action is premature and not proper for a Rule 12(b)(6) motion. *See Hoffman v. Cemex, Inc.*, 2009 WL 4825224, at *4 (S.D. Tex. Dec. 8, 2009). "[T]he plaintiffs need not plead facts to support the propriety of a collective action to survive a Rule 12(b)(6) motion." *Id.* The collective nature of this action is more properly challenged when plaintiff moves for conditional certification and issuance of notice to the class. Thus, the court will reserve ruling on the issue for the pending motion to conditionally certify class.

**D.     Amendment**

Alternatively, plaintiff seeks leave to amend. When a complaint fails to state a claim, the court generally gives plaintiff an opportunity to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). The court cannot state that amendment would be futile in this case if plaintiff can plead, in good faith, allegations relating to the employer status of each of the defendant entities and the type of coverage sought. Therefore, plaintiff will be permitted to amend his complaint to allege facts that support a facially plausible claim that either each defendant is an employer as required to prevail under the FLSA's joint employer theory of liability or that plaintiff is employed by one defendant who belongs to a larger enterprise comprised of the other defendants as required to trigger the FLSA's enterprise coverage.

## IV.  CONCLUSION

Because plaintiff failed to set forth sufficient facts to support a showing that each defendant was his employer, defendants' motion to dismiss (Dkt. 7) is GRANTED. Plaintiff is granted leave to amend his complaint within 30 days from the date of this order.

It is so ORDERED.

Signed at Houston, Texas on March 31, 2014.

_____
Gray H. Miller
United States District Judge