UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD AND SPENCER ARRIOLA, | § | |
| Individually and On | § | |
| Behalf of Others Similarly Situated, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1672 |
| | § | |
| JOHN MOORE, L.P.; JMS GP, INC.; | § | |
| JOHN MOORE SERVICES, INC.; | § | |
| JOHN MOORE RENOVATION, L.L.C.; | § | |
| and JOHN MOORE PEST CONTROL, L.L.C., | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendants, John Moore, L.P., JMS GP, Inc., John Moore Services, Inc., John Moore Renovation, L.L.C., and John Moore Pest Control, L.L.C.'s (collectively "defendants") motion to dismiss plaintiff's first amended complaint.[1]  Dkt. 28.  After considering the motion, responsive briefing, and applicable law, the court finds defendants' motion should be GRANTED in part and DENIED in part.

## I. BACKGROUND

Marlo Howard filed this collective action asserting violations of the Fair Labor Standards

---

[1]  Since the filing of defendants' motion to dismiss, plaintiff filed a second amended complaint on May 12, 2014.  Dkt. 35.  Plaintiffs argue that this amendment renders defendants' motion to dismiss moot.  However, when a plaintiff amends the complaint while a motion to dismiss is pending, the court has discretion to deny the motion as moot or consider the merits of the motion in light of the amended complaint.  *See Thomas v. Miramar Lakes Homeowners Ass'n*, 2014 WL 3897809, at * 4 (S.D. Tex. Aug. 6, 2014) (citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRAC. & PROC. § 1476).  Because the factual allegations relevant to this motion did not change in plaintiff's second amended complaint, the court will address the merits of defendants' motion with respect to the allegations made in plaintiffs' second amended complaint.

Act's ("FLSA") minimum wage and overtime requirements.  The second amended complaint, filed on May 12, 2014, added Spencer Arriola as a named plaintiff.  Dkt. 35.  Plaintiffs allege that they and other similarly situated employees were paid on a commission basis resulting in overtime and minimum wage violations under the FLSA.  Defendants filed a motion to dismiss plaintiff's original complaint, arguing that plaintiff failed to allege sufficient facts to establish an employer relationship with each defendant and enterprise coverage.  Dkt. 7.  The court granted the motion, but allowed plaintiff leave to amend his complaint.  Dkt. 20.  Plaintiff amended his complaint, and defendants now move to dismiss the amended complaint on the same grounds, namely employer status and enterprise coverage.

In the second amended complaint, Howard maintains that John Moore, L.P. and John Moore Services, Inc. are his employers for purposes of the FLSA, based on the following:  "(1) John Moore, L.P. hired Howard; (2) John Moore, L.P. is the maker of Howard's paycheck; (3) John Moore, L.P. listed Howard as an employee of the company on its quarterly wage report to the Texas Workforce Commission; (4) John Moore, L.P. paid unemployment taxes on Howard's wages; (5) John Moore, L.P. promulgated employment policies (including compensation policies, nondiscrimination policies, workplace safety policies, employee discipline policies, etc.) that Howard was required to comply with; and (6) John Moore Services, Inc. provided Howard's occupational injury employee benefit plan."  Dkt. 35, p. 5.  On this basis, Howard contends that he has shown John Moore, L.P. and John Moore Services, Inc. are his employers because they possessed the authority to hire or fire Howard, supervised or controlled his schedule or conditions of employment, determined the rate and method of his pay, and/or maintained his employment records.  *Id.*

Plaintiffs also maintain that each defendant is part of an enterprise engaged in commerce because they perform related activities through unified operations or common control for a common

business purpose. *Id.* Specifically, they "are in the home services business, have similar names, use the same or substantially the same employment manuals and/or policies, collectively advertise as a single business unit on the website www.johnmooreservices.com, and are all ultimately controlled by Donald Valentine, who benefits financially from the companies." *Id.* at 5-6.

## II.   LEGAL STANDARD

In considering a Rule12(b)(6) motion to dismiss, a court must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In order to survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570, 127 S. Ct. 1955 (2007)). This plausibility standard requires the plaintiff to plead facts sufficient to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Pleadings must be sufficient to nudge plaintiff's claims across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.   ANALYSIS

### A.   Enterprise Coverage

Defendants argue that plaintiffs' amended complaint still fails to plead sufficient facts to implicate the FLSA under an enterprise coverage theory. The FLSA guarantees overtime and minimum wage pay to employees engaged "in the production of goods for commerce" (individual coverage) or "employed in an enterprise engaged in commerce or in the production of goods for

3

commerce" (enterprise coverage). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citing 29 U.S.C. § 207(a)(1)).  Either individual or enterprise coverage triggers protection under the FLSA. *Id.*

To claim enterprise coverage, three elements are required to demonstrate that the separate entities comprise an enterprise. *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 969 (5th Cir. 1984).  The entities must:  (1) perform related activities; (2) operate in a unified manner or through common control; and (3) possess a common business purpose. *See* 29 U.S.C. § 203(r)(1); *Grim Hotel*, 747 F.2d at 969.  In addition, an enterprise must have "employees engaged in commerce or in the production of goods for commerce" and "an annual gross volume of sales made or business done [of] not less than $500,000."  29 U.S.C. § 203(s)(1)(A).[2]

Defendants argue that plaintiffs have failed to show that all defendants comprise a single enterprise that perform related activities through unified operation or common control for a common business purpose.  Plaintiffs counter that they have shown the entities perform related activities because all five defendants are in the home services business, they have similar names, and each advertise as a single business unit on the same website.  Related activities are those that are "the same or similar, such as those of the individual retail or service stores in a chain . . .."  29 C.F.R. § 779.206(a).  Accepting the factual allegations in plaintiffs' complaint as true, as the court must, the primary activity of each defendant entity is the performance of home services.  The entities operate under similar names and advertise their services on the same website.  Advertising all of their services on one website raises the specter that each defendant performs similar or related activities.

---

[2] The commerce and annual gross sales elements are not challenged by defendants in their motion to dismiss.

"Common control . . . exists where the performance of the described activities [is] controlled by one person or by a number of persons, corporations, or other organizational units acting together." 29 C.F.R. § 779.221.  "Unified operation" includes a business which may consist of separate segments but which is conducted or operated as a unit for a common business purpose.  *Id.* § 779.217.  Where the related activities are performed by a single company, or under other single ownership, they will ordinarily be performed through "common control," and the question of whether they are also performed through unified operation will not need to be decided.  *Id.*  Factors to be considered include:  (1) how interdependent the businesses are in operation, (2) how centralized is the decision-making authority, (3) whether the businesses were created by a single source, and (4) whether they are held out to the public singly or collectively.  *Grim Hotels*, 747 F.2d at 70.

Plaintiffs' allegations in the second amended complaint set out sufficient facts that, if proven, would show common control.  Again, plaintiffs rely on the use of a singular website, similar corporate names, and the performance of similar home services.  Plaintiffs have also plead that each entity uses the same or similar employment manuals and policies and are controlled by one individual, Donald Valentine.  Thus, plaintiffs have alleged that all entities were under the common control of Donald Valentine and run as a unified operation through the use of collective website advertising, the John Moore name, and similar policies.

Finally, activities are performed for a common business purpose if they are "directed to the same business objective or to similar objectives in which the group has an interest."  29 C.F.R. § 779.213.  As noted above, each entity performs home services, share similar names, and advertise on the same website to market John Moore services, collectively.  Further, each entity, according to

plaintiffs' complaint, is operated for the financial benefit of Donald Valentine.  Accordingly, the court concludes that plaintiffs have stated a claim under the FLSA based on enterprise coverage.

### B.    Employer Status

Defendants also contend that plaintiffs have failed to show an employer relationship with at least three of the defendants named in the lawsuit.  Specifically, plaintiffs only attempt to show an employer-employee relationship between Howard[3] and two of the defendant entities, John Moore, L.P. and John Moore Services, Inc.  For the remaining entities, plaintiffs rely on the facts supporting the existence of an enterprise to also support a finding of an employer-employee relationship.

"To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'"  *Grim Hotel*, 747 F.2d at 971 (citing 29 U.S.C. §§ 206–07).  An employer is "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. § 203(a), (d).  Furthermore, the FLSA contemplates that two or more employers may stand in relation to an employee at the same time.  29 C.F.R. § 791.2.  "[I]f the facts establish that the employee is employed jointly by two or more employers, i.e., that employment by one employer is not completely disassociated from employment by the other employer(s), all of the employee's work for all of the joint employers during the workweek is considered as one employment for purposes of the act."  *Id.*

In cases where a plaintiff alleges to be employed by more than one employer, the court must apply the economic reality test to each individual or entity alleged to be an employer.  *Watson v. Graves*, 909 F.2d 1549, 1556 (5th Cir. 1990); *see also Kaminski v. BWW Sugar Land Partners*, 2010

---

[3]  In the second amended complaint, Spencer Arriola is added as a named plaintiff.  Dkt. 35, p. 3.  However, Arriola is not referenced in any of the factual allegations related to employer status.  The current live pleading, thus, does not establish that any of the defendants was Arriola's employer.  As discussed *infra*, the court expects that Arriola, an electrician, will no longer remain part of this action because the court previously ruled that the conditional class was limited to HVAC service technicians.

WL 4817057, at *2 (S.D. Tex. Nov. 19, 2010) ("Where a complaint seeks to hold more than one employer liable under the FLSA, some facts at least of the employment relationship must be set forth in order to make out a facially plausible claim of multiple employer liability under the FLSA."). Under the economic reality test, employer status may be established if the individual or entity:  (1) possessed the authority to hire or fire employees; (2) supervised or controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.  *Gray v. Powers*, 673 F.3d 352, 355 (5th Cir. 2012).  No one factor is dispositive, but rather, the determination is based "upon the circumstances of the whole activity." *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730, 67 S. Ct. 1473 (1947); *Tullous v. Tex. Aquaculture Processing Co. L.L.C.*, 579 F. Supp. 2d 811, 820 (S.D. Tex. 2008).

Accepting plaintiffs' allegations as true, plaintiffs have established that John Moore, L.P. and John Moore Services, Inc. are Howard's employers.  Howard has shown that John Moore, L.P. hired Howard and was the maker of his paycheck.  Dkt. 35, p. 5.  Further, both John Moore, L.P. and John Moore Services, Inc. controlled the conditions of Howard's employment and maintained employment records on him.  *Id.*   In contrast, plaintiffs have not sufficiently plead any allegations related to the employer status of JMS GP, Inc. ("JMS GP"), John Moore Renovation, L.L.C. ("JM Renovation"), and John Moore Pest Control, L.L.C. ("JM Pest Control").  Plaintiffs rely too heavily on their global allegations relating to enterprise coverage and the relationship between the defendant entities, while wholly failing to allege specific facts showing how JMS GP, JM Renovation, and JM Pest Control acted as their employers.  Specifically, there are no facts to consider under the economic reality test with respect to these defendants.

While there may be some overlap in the considerations governing enterprise coverage and employer status, plaintiffs conflate the two separate analyses.  Separate corporate entities may

operate through a unified operation or under common control, but that does not necessarily mean that each corporation in the enterprise stands in the position of plaintiff's employer. *See Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986) ("[T]he enterprise analysis is different from the analysis of who is liable under the FLSA. The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship."); *Alvarez v. 9er's Grill @ Blackhawk, L.L.C.*, 2009 WL 2252243, at *3 (S.D. Tex. Jul. 28, 2009) (granting summary judgment in favor of defendant when evidence showed it was part of enterprise, but not plaintiffs' employer). Plaintiffs' allegations relating to enterprise coverage do not state a claim that an employer relationship existed with each entity in this case. Thus, the court grants the motion dismiss with respect to JMS GP, JM Renovation, and JM Pest Control, but denies the motion as to John Moore, L.P. and John Moore Services, Inc.

###    C.    Amendment

Finally, plaintiffs alternatively seek leave to amend their complaint in the event that the court is inclined to grant defendants' motion to dismiss. Federal Rule of Civil Procedure 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). However, leave to amend a complaint is not automatic. *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citing *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992)). Leave to amend lies within the sound discretion of the district court and may be denied when a motion to amend is colored by undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by prior amendment, undue prejudice to the opposing party, or futility of the amendment. *Little*, 952 F.2d at 846; *Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

At this stage in the case, the court finds that another amendment by plaintiffs would not be appropriate. Plaintiffs have already been granted one opportunity by the court to amend their

complaint in order to cure the exact deficiencies leading to the dismissal of certain defendants herein. Further, this case has been pending for over a year, the discovery deadline has passed, and the court has already issued a ruling on conditional class certification. Allowing an amendment at this juncture in the case would only cause further delay. Thus, the court denies plaintiffs' request for leave to amend their complaint in order to cure the pleading deficiencies regarding employer status.

However, the second amended complaint was filed prior to this court's ruling on conditional class certification, and therefore, is inconsistent with that ruling. In order to bring the live pleading into conformance with the current status of this case, plaintiffs are ordered to amend the complaint in order to make it consistent with this ruling and the previous ruling regarding conditional class certification.

## IV. Conclusion

Plaintiffs have adequately alleged a FLSA violation on the basis of enterprise coverage. However, they have failed to plead sufficient facts establishing an employer-employee relationship with JMS GP, Inc., John Moore Renovation, L.L.C., and John Moore Pest Control, L.L.C. Therefore, JMS GP, Inc., John Moore Renovation, L.L.C., and John Moore Pest Control, L.L.C's motion to dismiss is GRANTED. Plaintiffs are denied leave to amend their complaint to cure this deficiency for the second time; however, plaintiffs are ORDERED to amend their complaint within 15 days from the date of this order to make it consistent with this ruling and the conditional class certification made in the court's Memorandum Opinion and Order, dated July 8, 2014 (Dkt. 50).

Signed at Houston, Texas on October 9, 2014.

_____
Gray H. Miller
United States District Judge

9