UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD and SPENCER ARRIOLA, Individually and On Behalf of Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHN MOORE, L.P., *et al.*,<br><br>    Defendants. | § § § § § § § § § § § § | CIVIL ACTION H-13-1672 |

**ORDER**

Pending before the court is plaintiffs' motion to strike certain affirmative defenses. Dkt. 43. Specifically, plaintiffs seek to strike defendants' fourth, fifth, sixth, seventh, eighth, twelfth, and fourteenth affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f) for lack of notice and specificity. "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A defendant must "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." FED. R. CIV. P. 8(c); *Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008) (quoting *Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999)). Motions to strike defenses are usually disfavored and infrequently granted because they are drastic remedies which are difficult to decide without a factual record. *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962).

With respect to all but the eighth defense, the court finds that plaintiffs have been put on fair notice of what the defendants are asserting and will not be unfairly surprised by these defenses.

Accordingly, defendants' fourth, fifth, sixth, seventh, twelfth, and fourteenth affirmative defenses will not be stricken.

In their eighth affirmative defense, defendants assert that "[t]o the extent applicable, the plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches." Dkt. 41, p. 9. In their response, defendants agree to withdraw the waiver and laches defenses. Dkt. 48, p. 8 n.2. Thus, the court will only consider the estoppel and unclean hands doctrines asserted in the eighth affirmative defense. Defendants do not provide any factual support for these defensive theories. The Fifth Circuit has allowed an estoppel defense in a FLSA action based on the specific facts of that case. *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). Without additional facts to support these claims, the affirmative defensive theories of estoppel and unclean hands cannot stand as currently plead. Therefore, the court will strike defendants' eighth defense, with leave to re-plead as to estoppel and unclean hands.

In conclusion, the court GRANTS in part plaintiffs' motion to strike certain affirmative defenses. Dkt. 43. Defendants are granted leave to re-plead their eighth affirmative defense within 15 days from the date of this order.

Signed at Houston, Texas on October 9, 2014.

_____
Gray H. Miller
United States District Judge