United States District Court
Southern District of Texas
**ENTERED**
March 22, 2016
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MARLO HOWARD, *et al.,* | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-1672 |
| | § | |
| JOHN MOORE, L.P., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

On January 25, 2016, plaintiff Marlo Howard ("Howard") served third-party subpoenas to Alan Vera and the Quest Business Agency, Inc. ("Quest"), requesting production of numerous documents relating to this litigation. Defendant John Moore, L.P., ("Moore") moved to quash the subpoenas, asserting that Howard seeks several categories of privileged information, including information concerning the U.S. Department of Labor's ("DOL") investigation of John Moore. Accordingly, on February 12, 2016, the court held a telephonic conference to address the parties' outstanding discovery disputes. At the conference, the parties argued over whether damages calculations prepared by Vera and Quest, and disseminated to the DOL in connection with its investigation of Moore's pay practices, are protected by the work-product doctrine under Federal Rule of Civil Procedure 26(b)(3). At the conclusion of the conference, Moore was ordered to submit the damages calculations to the court for an *in camera* inspection. On February 22, 2016, Moore submitted the damages calculations in native electronic form and in hard copy. After reviewing the documents, the parties' arguments, and applicable law, the court finds that the damages calculations are not protected by the attorney work-product doctrine. Therefore, Moore's motion to quash the subpoena relating to the damages calculations is DENIED.

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A).  To invoke the qualified work-product privilege, one must show that the materials sought to be protected were "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  *Id.*  26(b)(3).  The burden of proof to establish the existence of the attorney-client privilege rests on the party asserting the privilege.  *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001);  *U.S. v. Kelly*, 569 F.2d 928, 938 (5th Cir. 1978).  The party asserting the privilege also bears the burden of establishing that the privilege has not been waived. *Variable Annuity Life Ins. Co. v. Penco, Inc.*, No. Civ. A.H. 052763, 2006 WL 581522 at*1 (S.D. Tex. March 7, 2006).  The scope of the attorney-client privilege is shaped by its purposes. *United States v. El Paso Co.*, 682 F.2d 530, 538 (5th Cir. 1982).

Moore has failed to satisfy its burden of establishing that the damages calculations prepared by Vera and Quest were "prepared in anticipation of litigation."  To support its privilege claim, Moore relies on Alan Vera's affidavit, which reveals that Vera has been a marketing consultant for Moore since 2009, years prior to the DOL investigation.  Therefore, Vera and Quest were not hired for the purpose of assisting in either the investigation or litigation.  Vera's affidavit provides that:

- Vera "was involved in Moore's response to investigations by the U.S. Department of Labor (DOL) in 2011 and 2012."

- "At the outset of the DOL investigations, [Vera] met with [Moore's] lawyers and Don Valentine, the President of John Moore, who instructed [Moore's] lawyers to treat [Vera] as a representative of the company."

- Vera "prepared statistical analyses of the compensation records for the employees involved in the DOL investigations" at the direction of Moore's lawyers.

- Vera communicated with John Moore and its lawyers regarding the strategy involved in the defense of the lawsuit.

- At all times Vera understood that his role and his communications with Moore and the attorneys were protected by the attorney-client privilege.

Although Vera's affidavit helps establish that the damages calculations were prepared in connection with the DOL investigation, it does not state that these documents were prepared in anticipation of the underlying lawsuit, which was not filed until June 7, 2013 (Dkt. 1). Moore has not offered any evidence to demonstrate that, at the time the damages calculations were prepared by Vera and Quest, Moore had determined that litigation was a distinct possibility. The fact that an investigation was conducted or that litigation eventually ensued does not alone cloak materials prepared by or at the direction of an attorney with the protection of the qualified work-product privilege. *See Taroli v. General Elec. Co.*, 114 F.R.D. 97 at 99 (N.D. Ind. 1987) (finding that "[s]ince the defendant has failed to demonstrate what evidence supported its determination that litigation was a distinct possibility. . . the defendant may not claim the work product privilege"). Accordingly, Moore's motion to quash the subpoena relating to the damages calculations is DENIED.

Signed at Houston, Texas on March 22, 2016.

_____
Gray H. Miller
United States District Judge

3